PETER W. SALTZMAN (State Bar No. 169698)
CHRISTINE S. HWANG (State Bar No. 184549)
LEONARD CARDER LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Tel: 510-272-0169
Fax: 510-272-0174

Counsel for Respondents
THE UNION TRUSTEES OF THE ILWU-PMA
PENSION PLAN

D. WARD KALLSTROM (State Bar No. 076937)
DONALD P. SULLIVAN (State Bar No. 191080)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001

Counsel for Respondents
THE EMPLOYER TRUSTEES OF THE ILWU-
PMA PENSION PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE ILWU-PMA PENSION PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>EMELDA PETERS, DOROTHY ETHERIDGE, ROSE PETERS, and JOYCE PETERS,<br><br>Defendants. | Case No: C08-03136<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiffs, the Trustees of the ILWU-PMA Pension Plan ("Plaintiffs"), herein set forth the allegations of their Complaint in Interpleader pursuant to Federal Rule of Civil Procedure 22 against defendants Emelda Peters, Dorothy Etheridge, Rose Peters, and Joyce Peters ("Defendants"), for other appropriate equitable relief under Section 502(a)(3) of the Employee

1                                                        Complaint in Interpleader
                                                                  Case No.

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), in the form of an order instructing Plaintiffs as to whom the Survivor Pension benefits payable on account of William J. Peters, Jr. from the ILWU-PMA Pension Plan ("Plan") are to be paid. Plaintiffs allege as follows:

## PRELIMINARY ALLEGATIONS

1. Plaintiffs bring this action against Defendants under ERISA Sections 502(a)(3), (e), and (f), 29 U.S.C. §§ 1132(a)(3), (e), and (f), for appropriate equitable relief to enforce the terms of the Plan, an ERISA-governed employee benefit plan, which permits the payment of Survivor Pension benefits only to the person who qualifies as a Surviving Spouse of a Pensioner, as those terms are defined in the Plan. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 because this action involves a federal question.

2. Venue is proper in this District because the Plan is administered within the District and because one or more Defendants can be found within this District. 28 U.S.C. § 1391(b)(2)-(3); 29 U.S.C. § 1132(e)(2).

## PARTIES

3. Plaintiffs are the named fiduciaries of the Plan, as defined in Sections 3(21)(A) and 402(a)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(21)(A) and 1102(a)(1).

4. Plaintiffs are also the administrator of the Plan, as defined in Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

5. The Plan is a multiemployer, defined benefit pension plan as defined in Sections 3(2)(A), (35) and (37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A), (35) and 37(A).

6. Defendant Emelda Peters is a resident of New Orleans, Louisiana and, on information and belief, was married to William J. Peters on June 28, 1975. On August 19, 2007, Emelda Peters filed a claim with Plaintiffs for Survivor Pension benefits stating that she was the legal spouse of William J. Peters when he died on July 23, 2007.

2

Complaint in Interpleader
Case No.

7. Defendant Dorothy Etheridge (formerly known as Dorothy Peters) is a resident of Colorado and, on information and belief, was married to William J. Peters on July 15, 1994 until their marriage was dissolved on February 13, 2005. On August 27, 2007, Dorothy Etheridge filed a claim with the Plaintiffs for Survivor Pension benefits stating that she was entitled to 100% of the survivor pension pursuant to a Stipulation for Division of Pension Benefits and Qualified Domestic Relations Order filed in the Superior Court of California, County of Alameda on March 23, 2006.

8. Defendant Rose Peters, on information and belief, is a resident of Oakland, California, and was married to William J. Peters, Jr. on July 17, 1967 until their marriage was dissolved on March 31, 1994. Although Rose Peters has not filed a claim with Plaintiffs, Plaintiffs have named her as a defendant in this action on information and belief that she may have an interest in the benefits at issue.

9. Defendant Joyce Peters, on information and belief, is a resident of San Francisco, California, and was married to William J. Peters, Jr. on July 13, 1984 and separated from him in December 1988. Although Joyce Peters has not filed a claim with the Plaintiffs, Plaintiffs have named her as a defendant in this action on information and belief that she may have an interest in the benefits at issue.

10. All Defendants are subject to service of process issued from this Court pursuant to 29 U.S.C. § 1132(e)(1)(2).

## CONFLICTING CLAIMS TO THE SURVIVOR PENSION BENEFITS PAYABLE ON ACCOUNT OF WILLIAM J. PETERS, JR.

11. The Plan is an ERISA plan sponsored by the International Longshore and Warehouse Union ("ILWU") and the Pacific Maritime Association ("PMA") for the benefit of longshore workers jointly registered by ILWU and PMA as part of the workforce in the longshore industry on the Pacific Coast of the United States. Plaintiffs administer the Plan through the operations of the ILWU-PMA Benefit Plans Office (the "Plan Office").

12. The late William J. Peters, Jr. was a participant in the Plan.

13. On or about July 21, 1967, Mr. Peters submitted a "Record Change Form" to the

Plan Office adding Defendant Rose Peters as a dependent spouse for purposes of obtaining coverage under the ILWU-PMA Welfare Plan. The Form identifies Defendant Rose Peters as Mr. Peter's spouse and indicated that they were married on June 17, 1967.

14. On or about March 17, 1969, Mr. Peters submitted a Record Change Form to the Plan Office deleting Rose Peters as a dependent spouse. The Form indicates the change in marital status was March 15, 1968, and that the reason for deleting Rose Peters was divorce.

15. On or about August 2007, the Plan Office received from Defendant Dorothy Etheridge, a copy of a Judgment of Dissolution in the Marriage of William Peters, Jr. and Rose Peters, which was filed in the Superior Court of California, County of Alameda, on March 31, 1994. The Plan does not have a copy of a marriage certificate reflecting the marriage between William J. Peters, Jr. and Rose Peters.

16. On the 1969 Record Change Form, which deleted Rose Peters as a dependent spouse, Mr. Peters added Defendant Emelda Peters as a new dependent spouse. The Form indicates the change in marital status as being March 15, 1968 and that the reason for adding Emelda Peters was marriage.

17. On or about August 5, 1986, the Plan Office received a Record Change Form from Mr. Peters deleting Emelda Peters as a dependent spouse due to Legal Separation and deleting Edgar C. Peters as a dependent child due to attainment of his twenty-third birthday.

18. The August 5, 1986 Record Change Form adds Joyce Fua as a non-related dependent under the Welfare Plan. On August 14, 1986, Mr. Peters submitted another Record Change Form adding Joyce Peters as a dependent spouse, indicating that the marital status change took place on July 13, 1984.

19. On or about May 3, 1989, Mr. Peters deleted Joyce Peters as a dependent spouse on a Record Change Form, indicating that the parties had separated in December 1988.

20. The Plan does not have a copy of a marriage certificate reflecting the marriage of William J. Peters, Jr. and Joyce Peters or any documentation reflecting entry of a judgment of separation or divorce between these parties.

21. On or about January 8, 1992, Mr. Peters submitted a Record Change Form to the

4

Complaint in Interpleader
Case No.

Plan Office, adding Defendant Emelda Peters as a dependent spouse. He indicated on the Form that she was his "spouse" by checking the appropriate box, and that the date of change in marital status (marriage) was July 11, 1975.

22. On or about October 26, 1994, Mr. Peters submitted a Record Change Form to the Plan Office, adding Defendant Dorothy Peters (nka Dorothy Etheridge) for Welfare Plan purposes. Mr. Peters indicated on the Form that she was his "spouse" by checking the appropriate box. Mr. Peters also wrote that the reason for adding Dorothy Peters was "marriage", indicating the date of marital status change as July 15, 1994.

23. William J. Peters, Jr. retired on October 1, 2002 and received a monthly pension benefit under the Plan from that time until his death on July 23, 2007.

24. On or about April 14, 2003, Mr. Peters deleted Dorothy Peters as a dependent spouse on a Record Change Form, indicating that the parties had divorced.

25. On February 13, 2005, a Judgment of Dissolution in the Marriage of Dorothy Etheridge (fka Dorothy Peters) and William Peters, Case No. H 226402-1, was entered and filed in the Superior Court of California, County of Alameda. As part of the proceedings, Dorothy Etheridge and William Peters entered into a Stipulation for Division of Pension Benefits and Qualified Domestic Relations Order filed on March 23, 2006 ("QDRO").

26. Pursuant to the QDRO, the Plan Office paid Dorothy Etheridge her community property portion of the monthly pension benefit payable to William J. Peters, Jr. until his death on July 23, 2007. The QDRO provides further that Dorothy Etheridge is entitled to 100% of the survivor pension in the event there is no eligible surviving spouse at the time of William J. Peters' death, or 100% of the community property portion of the survivor benefit if there is an eligible surviving spouse.

27. On or about February 2, 2004, Mr. Peters submitted a Record Change Form adding Emelda Peters as a dependent spouse for purposes of benefits under the Welfare Plan. Mr. Peters indicated on the Form that she was his "spouse" by checking the appropriate box and the date of marital status change was "6/75". In accordance with the instruction on the 2004 Change Form, the ILWU-PMA Welfare Plan ("Welfare Plan") Office enrolled Ms. Peters as a participant in the

Complaint in Interpleader
Case No.

Welfare Plan.

28. William J. Peters, Jr. died on July 23, 2007.

29. On or about August 8, 2007, George O'Dowd, Esq., counsel for Emelda Peters, wrote to the Plan Office advising of Emelda Peters' intent to contest "any reward" to Dorothy Etheridge. The letter indicated further that Emelda Peters and William Peters were married on July 11, 1975 until the date of Mr. Peters' death.

30. Plan Office records conflicted with the representations set forth in Mr. O'Dowd's letter, particularly with respect to the claim that she was married to William Peters on the date of his death. On August 15, 2007, the Plan Office verbally advised Emelda Peters of the conflicting information relating to her marriage dates, but that the Plan Office would mail an application for Survivor Pension for her to complete. On August 18, 2007, the Plan Office verbally advised Emelda Peters further that she could submit additional information to support her claim that she was never divorced from Mr. Peters by providing written documentation from the courts where she and Mr. Peters have resided since 1975 to confirm that a final divorce decree had never been filed.

31. On or about August 23, 2007, Emelda Peters submitted an application for Survivor Pension on account of her marriage to Mr. Peters and provided the Plan Office with a copy of her marriage certificate. Her application, dated August 19, 2007, stated that she was legally married to William Peters from June 28, 1975 until the date he died.

32. On or about August 30, 2007, Dorothy Etheridge submitted an application for Survivor Pension on account of her marriage to Mr. Peters and provided the Plan Office with copies of her marriage certificate, a Judgment of Dissolution in the Marriage of Dorothy Etheridge and William Peters, the 2006 QDRO, and a Judgment of Dissolution in the Marriage of William Peters and Rose Peters. Her application, dated August 27, 2007, stated that she was legally married to William Peters from July 15, 1994 until February 13, 2005 when the marriage was dissolved.

33. On September 4, 2007, the Plan Office received a document submitted by Emelda Peters concerning records in the Superior Court of California, County of Alameda regarding

6

Complaint in Interpleader
Case No.

information on the Dissolution of Marriage between her and William Peters.

34. On September 13, 2007, the Plan Office wrote to Defendant Emelda Peters explaining the provisions of the Pension Plan, specifically with respect to the Survivor Pension and reiterated that the information relating to her marriage dates conflicted with records on file at the Plan Office. The letter further advised Emelda Peters that the September 4, 2007 documentation was not acceptable in this regard and that the Plan would require written confirmation from the counties where she and Mr. Peters lived and were married in order to substantiate that no final divorce decree was entered.

35. On or about September 21 and September 26, 2007, Defendant Emelda Peters provided additional information to the Plan Office as requested in support of her claim that she was William J. Peters, Jr.'s true legal spouse when he died on July 23, 2007.

36. Paragraphs 2.051 and 2.0514 of the Plan provide that when a Plan participant dies, his or her surviving spouse will receive a monthly Survivor Pension benefit for the remainder of the surviving spouse's life. For purposes of qualifying for a Survivor Pension benefit, a surviving spouse is defined in relevant part by the Plan as follows:

> [A]ny person who survives a Participant who was alive and whose Pension Commencement Date had not occurred as of June 30, 1987 if (i) such person was legally married to the Participant for a continuous period of not less than 1 year as of the Participant's Pension Commencement Date, (ii) such person legally married the Participant within 1 year before his Pension Commencement Date and was legally married to him for a continuous period of at least 1 year ending on or before the date of his death, or (iii) such person was legally married to the Participant for a continuous period of not less than 1 year as of his death, and his death occurred before his Pension Commencement Date.

37. Section 1.1 of the Welfare Plan provides, in relevant part, that an Adult Survivor of a Welfare Plan participant is eligible to participate in the Welfare Plan after the participant's death if he or she qualifies for a pension as an eligible surviving spouse under the ILWU-PMA Pension Agreement and was enrolled in the Welfare Plan as a dependent of the participant at the time of the participant's death. Specifically, Section 1.1 of the Welfare Plan states:

> 1.1 "Adult Survivor Pensioner" – A person who: (a) has been

certified as eligible to receive and is receiving a survivor pension, but not an early survivor annuity, under either one of the Pension Plans or an Employer's company retirement plan when such person had been the eligible surviving spouse of a Pensioner with Eligibility; (b) has qualified for a pension as an eligible surviving spouse under paragraph 2.0512(a) of the ILWU-PMA Pension Agreement or under paragraph 3.51(b) or 3.51(c) of the ILWU-PMA Watchmen Pension Plan Agreement; (c) has qualified for a survivor pension as an eligible surviving spouse under paragraph 2.0512(b) of the ILWU-PMA Pension Agreement; or (d) has qualified for a survivor pension as an eligible surviving spouse under paragraph 2.512(c) of the ILWU-PMA Pension Agreement or under paragraph 3.51(d) of the ILWU-PMA Watchmen Pension Plan Agreement provided that the Longshoreman through whom such person claims would have had Eligibility as a Pensioner had his pension commencement date been on his normal retirement date as those terms are defined in the applicable Pension Plan; provided always that a person whose status as a surviving spouse was terminated as the consequence of a remarriage may not requalify as an Adult Survivor Pensioner upon termination of such remarriage unless the Trustees, in their sole, absolute, and unreviewable discretion, are satisfied that the remarriage was annulled following the initiation of proceedings that were commenced for reasons other than re-establishing such person's status as an Adult Survivor Pensioner; provided, finally, a person may be within the class of persons defined by this paragraph only if such person is identified as a Dependent Spouse (as defined hereunder) on the form provided by the Trustees for the enrollment of dependents, as of the date of the death of the person through whom eligibility for a survivor pension is established under the ILWU-PMA Pension Agreement or the ILWU-PMA Watchmen Pension Plan Agreement.

Welfare Plan, §1.1 (emphasis added). Thus, eligibility for survivor benefits under the Welfare Plan is conditioned upon receipt of survivor pension under the Pension Plan.

38. Plaintiffs have been presented with conflicting claims for payment of the same Survivor Pension benefits. Because of the conflicting information regarding the overlapping dates of marriages between William J. Peters, Jr. and the four Defendants, Plaintiffs cannot determine whether and to what extent Defendants, or any of them, are entitled to a Survivor Pension.

39. Because Emelda Peters' eligibility for survivor benefits under the terms of the Welfare Plan cannot be determined without first being found eligibile for a Survivor Pension under the Pension Plan, effective September 1, 2007, the Adult Survivor benefits she had been receiving under the Welfare Plan have been suspended pending the outcome of this action.

8    Complaint in Interpleader
Case No.

## COUNT I – OTHER APPROPRIATE EQUITABLE RELIEF
### ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3)

40. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

41. The Plan provides that Survivor Pension benefits are to be paid to a Pensioner's Surviving Spouse, and that a Pensioner can have only one Surviving Spouse.

42. Defendants Emelda Peters and Dorothy Etheridge both claim to be the Surviving Spouse of William J. Peters, Jr., and, therefore, entitled to Survivor Pension benefits.

43. Based on the information presently known, Plaintiffs are unable to determine whether Emelda Peters, Dorothy Etheridge, Rose Peters, or Joyce Peters is the Surviving Spouse of William J. Peters, Jr.

44. Plaintiffs are mere stakeholders in the Survivor Pension benefits payable to the Surviving Spouse of William J. Peters, Jr. They have no interest in the Survivor Pension benefits to which Defendant Emelda Peters and Dorothy Etheridge are claiming an entitlement, and to which Joyce Peters and Rose Peters may potentially claim an entitlement. Plaintiffs also have no interest in which of the Defendants is actually entitled to the benefits.

45. Due to Defendants' competing claims for the Survivor Pension benefits payable on account of William J. Peters, Jr. and Plaintiffs' inability to determine which of the Defendants is truly the Surviving Spouse of Mr. Peters, Plaintiffs face the risk of multiple liability.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1. That the Court make a final determination and enter an Order declaring the rightful beneficiary or beneficiaries and interest thereof to the Survivor Pension benefits payable under the Plan on account of William J. Peters, Jr.;

2. That each of the Defendants be restrained by an Injunctive Order of this Court from commencing or maintaining any action against the Plaintiffs, the Pension Plan, the Welfare Plan and its trustees, the ILWU, PMA, or the Plans Office regarding entitlement to the Survivor

9

Complaint in Interpleader
Case No.

Plan and its trustees, the ILWU, PMA, or the Plans Office regarding entitlement to the Survivor Pension benefits payable under the Plan on account of William J. Peters, Jr.;

3. That with respect to Survivor Pension benefit payments effective August 1, 2007 and continuing until the Court determines to whom the monthly Survivor Pension benefits should rightfully be paid, the Court permit Plaintiffs to make the monthly benefit payments into the Court's registry;

4. That the Court order Plaintiffs, the Plan, the Plan Office, the ILWU, and PMA be released and discharged from any liability for their payment of the monthly benefits; and

5. That Plaintiffs be granted such other and further relief as the Court deems equitable and proper.

Dated: June 30, 2008

Respectfully submitted,

LEONARD CARDER, LLP

By: _____
Christine S. Hwang

ATTORNEYS FOR THE UNION
TRUSTEES OF THE ILWU-PMA
PENSION PLAN

MORGAN, LEWIS & BOCKIUS, LLP

By: _____
Donald P. Sullivan

ATTORNEYS FOR THE EMPLOYER
TRUSTEES OF THE ILWU PMA
PENSION PLAN

10

Complaint in Interpleader
Case No.