MURLENE J. RANDLE (SBN 98124)
**LAW OFFICES OF MURLENE J. RANDLE**
700 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 352-0819
Facsimile: (415) 325-4366

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE ILWU-PMA PENSION PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>EMELDA PETERS, DOROTHY ETHERIDGE, ROSE PETERS, and JOYCE PETERS,<br><br>Defendants. | ) CASE NO. C083-03136<br>)<br>) **DEFENDANT EMELDA PETERS'**<br>) **ANSWER TO PLAINTIFF'S COMPLAINT**<br>) **IN INTERPLEADER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PRELIMINARY ALLEGATIONS

1. In response to Paragraph 1 of the complaint, Defendant Emelda Peters (hereinafter "Defendant") admits jurisdiction. Except as otherwise admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

2. In response to Paragraph 2 of the complaint, Defendant admits venue is proper in this District.

**PARTIES**

3. In response to Paragraph 3 of the complaint, Defendant admits that Plaintiff is a fiduciary of the Plan. Except as otherwise admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

4. In response to Paragraph 4 of the complaint, Defendant admits that Plaintiff is an administrator of the Plan. Except as otherwise admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

5. In response to Paragraph 5 of the complaint, Defendant admits the Plan is a multiemployer, defined benefit pension plan.

6. In response to Paragraph 6 of the complaint, Defendant admits that she, Emelda Peters, is a resident of New Orleans, Louisiana; that she was married to William J. Peters, Jr. on June 28, 1975; and that she filed a claim with Plaintiff for Survivor Pension benefits stating she was the legal spouse of William J. Peters, Jr. when he died on July 23, 2007. Except as otherwise admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

7. In response to Paragraph 7 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

8. In response to Paragraph 8 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

9. In response to Paragraph 9 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

10. In response to Paragraph 10 of the complaint, Defendant admits that she is subject to service of process from this Court, but otherwise denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

**CONFLICTING CLAIMS TO THE SURVIVOR PENSION BENEFITS PAYABLE ON ACCOUNT OF WILLIAM J. PETERS, JR.**

11. In response to Paragraph 11 of the complaint, Defendant admits the allegations.

12. In response to Paragraph 12 of the complaint, Defendant admits the allegations.

13. In response to Paragraph 13 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

14. In response to Paragraph 14 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

15. In response to Paragraph 15 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

16. In response to Paragraph 16 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

17. In response to Paragraph 17 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

18. In response to Paragraph 18 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

19. In response to Paragraph 19 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

20. In response to Paragraph 20 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

21. In response to Paragraph 21 of the complaint, Defendant admits the allegation that she was a dependant spouse of William J. Peters, Jr. in 1992. Except as otherwise admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

22. In response to Paragraph 22 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

23. In response to Paragraph 23 of the complaint, Defendant denies the allegations

based upon a lack of information and knowledge sufficient to form a belief.

24. In response to Paragraph 24 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

25. In response to Paragraph 25 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

26. In response to Paragraph 26 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

27. In response to Paragraph 27 of the complaint, Defendant admits the allegation to the extent that she was a dependant spouse of William J. Peters, Jr. in 2004. Except as otherwise admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

28. In response to Paragraph 28 of the complaint, Defendant admits the allegation that William J. Peters, Jr. died on July 23, 2007.

29. In response to Paragraph 29 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

30. In response to Paragraph 30 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

31. In response to Paragraph 31 of the complaint, Defendant admits the allegations.

32. In response to Paragraph 32 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

33. In response to Paragraph 33 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

34. In response to Paragraph 34 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

35. In response to Paragraph 35 of the complaint, Defendant admits the allegations.

36. In response to Paragraph 36 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

37. In response to Paragraph 37 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

38. In response to Paragraph 38 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

39. In response to Paragraph 39 of the complaint, Defendant denies the allegations based upon a lack of information and knowledge sufficient to form a belief.

### FIRST CLAIM FOR RELIEF – INTERPLEADER

40. Defendant incorporates by this reference as though fully set forth herein, its responses to Paragraphs 1-40, inclusive.

41. Defendant denies the allegations within Paragraphs 41, 42, 43, 44, and 45 based upon a lack of information and knowledge sufficient to form a belief.

### AFFIRMATIVE DEFENSES

Defendant Emelda Peters asserts the following affirmative defenses to each of Plaintiff's cause of action:

### FIRST AFFIRMATIVE DEFENSE

42. Without admitting any of the allegations of the complaint, Defendant alleges that Plaintiff's complaint fails to state any claim for relief against Defendant upon which the Court may grant relief.

### SECOND AFFIRMATIVE DEFENSE

43. Without admitting any of the allegations of the complaint, Defendant reserves the right to assert additional affirmative defenses as facts are discovered to support such affirmative defenses.

WHEREFORE, Defendant Emelda Peters prays for judgment against Plaintiff as follows:

1) That Plaintiff take nothing by way of its complaint;
2) That Defendant be awarded its costs of suit;

3) That Defendant be awarded attorneys' fees as authorized by law; and

4) For such other and further relief as this Court deems proper.

Dated: July 28, 2008

LAW OFFICES OF MURLENE J. RANDLE

By: /s/ M. Randle

MURLENE J. RANDLE
Attorney for Defendant,
Emelda Peters