Crisostomo G. Ibarra (SBN 103480)
Gener D. Benitez (SBN 206765)
Ibarra Professional Law Corporation
150 Post Street, Suite 524
San Francisco, CA 94108
Telephone: (415) 398-5329
Facsimile: (415) 398-6831

Attorneys for Defendant
DOROTHY ETHERIDGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE ILWU-PMA PENSION PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>EMELDA PETERS, DOROTHY ETHERIDGE, ROSE PETERS, and JOYCE PETERS,<br><br>Defendants. | Case No. C08-03136<br><br>DEFENDANT DOROTHY ETHERIDGE'S ANSWER TO PLAINTIFFS' COMPLAINT IN INTERPLEADER |

Defendant Dorothy Etheridge ("Etheridge") hereby answers the Complaint in Interpleader of Plaintiffs Trustees of the ILWU-PMA Pension Plan as follows:

## ANSWER

### PRELIMINARY ALLEGATIONS

1. Etheridge admits that the Court has jurisdiction, but, is without sufficient knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth in Paragraph 1 of the Complaint, and, therefore, denies the remaining allegations.

2. Etheridge admits the allegations contained in Paragraph 2 of the Complaint.

////

////

## PARTIES

3.  Etheridge admits that the Plaintiffs are named fiduciaries of the Plan, but, is without sufficient knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth in Paragraph 3 of the Complaint, and, therefore, denies the remaining allegations.

4.  Etheridge admits that the Plaintiffs are the administrators of the Plan, but, is without sufficient knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth in Paragraph 4 of the Complaint, and, therefore, denies the remaining allegations.

5.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and, therefore, denies the allegations.

6.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and, therefore, denies the allegations.

7.  In response to Paragraph 7 of the Complaint, Etheridge denies that she is a resident of Colorado, but admits all the other remaining allegations of Paragraph 7.

8.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and, therefore, denies the allegations.

9.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and, therefore, denies the allegations.

10. Etheridge admits that she is subject to service of process issued from this court, but, is without sufficient knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth in Paragraph 10 of the Complaint, and, therefore, denies the remaining allegations.

////

## CONFLICTING CLAIMS TO THE SURVIVOR PENSION BENEFITS PAYABLE ON ACCOUNT OF WILLIAM J. PETERS, JR.

11. Etheridge admits the allegations contained in Paragraph 11 of the Complaint.

12. Etheridge admits the allegations contained in Paragraph 12 of the Complaint.

13. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and, therefore, denies the allegations.

14. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and, therefore, denies the allegations.

15. Etheridge admits sending to the Plan Office on or about August 2007 a copy of the Judgment of Dissolution between William Peters, Jr. and Rose Peters which was filed in the Superior Court of California, County of Alameda, on March 31, 1994, but, is without sufficient knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth in Paragraph 15 of the Complaint, and, therefore, denies the remaining allegations.

16. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and, therefore, denies the allegations.

17. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and, therefore, denies the allegations.

18. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, and, therefore, denies the allegations.

19. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and, therefore, denies the allegations.

20. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and, therefore, denies the allegations.

21. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and, therefore, denies the allegations.

22. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and, therefore, denies the allegations.

23. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and, therefore, denies the allegations.

24. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and, therefore, denies the allegations.

25. Etheridge admits the allegations contained in Paragraph 25 of the Complaint.

26. Etheridge admits the allegations contained in Paragraph 26 of the Complaint.

27. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and, therefore, denies the allegations.

28. Etheridge admits the allegations contained in Paragraph 28 of the Complaint.

29. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and, therefore, denies the allegations.

30. Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and, therefore, denies the allegations.

1  31.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and, therefore, denies the allegations.

4  32.  Etheridge admits the allegations contained in Paragraph 32 of the Complaint.

5  33.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and, therefore, denies the allegations.

8  34.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and, therefore, denies the allegations.

11  35.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and, therefore, denies the allegations.

14  36.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and, therefore, denies the allegations.

17  37.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, and, therefore, denies the allegations.

20  38.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and, therefore, denies the allegations.

23  39.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and, therefore, denies the allegations.

////

////

////

## COUNT I – OTHER APPROPRIATE EQUITABLE RELIEF
### ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3)

40.  Etheridge incorporates by reference each of her admissions and denials above, as though fully set forth herein.

41.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and, therefore, denies the allegations.

42.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and, therefore, denies the allegations.

43.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and, therefore, denies the allegations.

44.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, and, therefore, denies the allegations.

45.  Etheridge is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint, and, therefore, denies the allegations.

## AFFIRMATIVE DEFENSES

Etheridge asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.  Etheridge asserts that she is the person entitled to the survivor pension benefits of William J. Peters, Jr.  William J. Peters, Jr. and Rose Peters were married on July 30, 1967 and had their marriage dissolved on March 31, 1994.  Rose Peters does not qualify as a surviving spouse as defined by the Plan.  Etheridge is informed and believes, and therefore asserts, that William J. Peters, Jr. married Emelda Peters on July 11, 1975 in the State of Nevada while still married to Rose Peters.  Etheridge is informed and believes that William J. Peters, Jr.'s marriage

to Emelda Peters is void as a matter of law under Nevada Revised Statutes § 125.290. Etheridge is informed and believes, and therefore asserts, that William J. Peters, Jr. married Joyce Peters on July 13, 1984 in the State of California while still married to Rose Peters. Etheridge is informed and believes that William J. Peters, Jr.'s marriage to Joyce Peters is void as a matter of law under California Family Code § 2201. Etheridge and William J. Peters, Jr. were married on July 15, 1994 and had their marriage dissolved on February 13, 2005. Pursuant to the March 23, 2006 QDRO in the dissolution of marriage between Etheridge and William J. Peters, Jr., Etheridge is entitled to 100% of the survivor pension in the event there is no eligible surviving spouse at the time of William J. Peters, Jr.'s death.

## SECOND AFFIRMATIVE DEFENSE

2.  Etheridge reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

## PRAYER

WHEREFORE, Etheridge prays for judgment as follows:

1) That the Court find that Etheridge is 100% entitled to the Survivor Pension benefits under the Plan on account of William J. Peters, Jr.;

2) That the Court extinguish with finality the claims to the Survivor Pension benefits under the Plan of all the parties joined as defendants in this action;

3) That Etheridge be awarded her costs of suit;

4) And for such other relief as the Court deems proper.

Dated: August 4, 2008

Crisostomo G. Ibarra
Attorney for Defendant
DOROTHY ETHERIDGE